UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                     **DECISION AND ORDER**
            v.                                                     20-CR-29-A

DAVID BURGIN,

                            Defendant.

---

Pending before the Court are Defendant David Burgin's objections (Dkt. No. 696) to Magistrate Judge H. Kenneth Schroeder, Jr.'s Report, Recommendation and Order ("RR&O") (Dkt. No. 632) and Supplemental Report, Recommendation and Order ("SRR&O") (Dkt. No. 680). For the following reasons, the objections are rejected as insufficiently filed, and the Court will review the rulings that are adverse to Defendant on a clear error standard should Defendant fail to refile his objections by August 2, 2024, addressing the deficiencies set forth herein.

## BACKGROUND

Defendant David Burgin is charged in 14 counts of a 22-count Superseding Indictment (Dkt. No. 24),[1] returned April 16, 2020, with numerous drug trafficking crimes, including one count of conspiracy to distribute, and possession with intent to distribute, various controlled substances; ten counts of possession of various controlled substances, to include cocaine, cocaine base, fentanyl, marijuana, 4-

---

[1] That is, Counts 1, and 7-19.

ANPP, and heroin; two counts of maintaining drug-involved premises; and one count of possession of firearms in furtherance of drug trafficking.  Defendant has seven co-defendants, three who have already been sentenced and four who are awaiting trial.

The case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.

Defendant filed his omnibus motion (Dkt. No. 282) regarding dispositive issues on October 15, 2021.  After oral argument on Defendant's pretrial motions, Judge Schroeder determined an evidentiary hearing was necessary.  Defendant's suppression hearing was held on August 23, 2022, and was continued on December 19-21, 2022, and January 11, 2023 (*see* Dkt. Nos. 465, 517, 518, 519, 544 [Hearing Tr.]).  The parties filed simultaneous post-hearing briefs (Dkt. Nos. 575, 576).  Judge Schroeder then entered several Speedy Trial Act Orders (Dkt. Nos. 590, 605, 616, 630) extending the time for rendering a Report and Recommendation due to the noted complexity of the issues.  On October 6, 2023, Judge Schroeder issued a RR&O, recommending that Defendant's motion to suppress be granted.

The parties then sought reconsideration of the RR&O on several issues. Judge Schroeder permitted the parties to file supplemental post-hearing motions and memoranda of law, which were filed on January 1 and 22, 2024 (Dkt. Nos. 648, 658).  On April 22, 2024, Defendant filed supplemental reply papers (Dkt. No. 678) and included stipulations of fact agreed upon by the parties for Judge Schroeder to consider in making the requested supplemental rulings.  Oral argument was held on May 1, 2024, and on May 14, 2024, Judge Schroeder issued a SRR&O, addressing five outstanding issues.  The Government timely filed objections (Dkt. No. 686) to

2

the Magistrate Judge's RR&O and SRR&O on May 28, 2024.  On July 9, 2024, co-defendants David Washington and Rodney Pierce filed objections (Dkt. Nos. 695, 697) to Judge Schroeder's rulings and recommendations pertaining to them.  Despite having eight weeks to file his objections,[2] Defendant filed a one-and-a-half-page document (Dkt. No. 696) purporting to object to Judge Schroeder's RR&O and SRR&O, and at the same time filed the motion for disqualification (Dkt. No. 694) that the Court denied in a Decision and Order (Dkt. No. 703) issued today.

## DISCUSSION

### Defendant's Pending Objections

In Defendant's one-and-a-half-page document purporting to object to Magistrate Judge Schroeder's RR&O and SRR&O, Defendant states the basis for his objections as follows:

> Defendant…objects…for… those reasons previously stated in his prior motions, memoranda, and post-hearing submissions. Defendant incorporates and reasserts each of the arguments and authorities cited in his prior motions in support of the relief requested and relies on the record of the proceedings at the suppression hearings held before the Magistrate Judge.
>
> Insofar as they are applicable to his case, defendant joins in each of the arguments made in codefendant Pierce's Objections to the Report and Recommendation (Dkt 695), for the reasons and based on the authorities cited in those Objections.

Dkt. No. 696, p. 1.

---

[2] Objections were originally due by May 28, 2024.  Upon the Court's granting of several extension requests from Defendant, Washington, and Pierce, the objections were due by July 9, 2024, meaning these defendants had eight weeks to file objections instead of the typical two weeks.  The Court's Text Order setting the July 9, 2024, deadline for objections could not have been clearer that no further extensions would be granted.  *See* Dkt. No. 693 ("**This is the LAST TIME an extension request will be granted.**" [emphasis in original]).

3

Defendant had moved to extend the time to file his objections by four weeks in part on the basis that the SRR&O addresses "multiple motions to suppress which included multiple complicated issues"; and because defense counsel required that additional time to review the entire record, conduct research, and prepare and file objections (Dkt. No. 688, pp. 2-3). This Court granted the motion as it appreciates the complexity of the issues involved, and for efficiency's sake (considering the age of the case) elected to keep Defendant's and co-defendants' objections on the same schedule. It later granted co-defendants' motions for extensions of time (and further extended Defendant's time to object) for the same reason.

Again, Defendant had eight weeks to file objections to the RR&O and SRR&O. Despite that enlarged timeframe, Defendant submitted to the Court a document devoid of any developed argument, citation to legal authority, or specificity. Instead of directing his objections at any findings of fact or conclusions of law in the RR&O or SRR&O, Defendant generally refers to all his previous filings and arguments made before the Magistrate Judge in this case.[3] The Court finds this filing to be woefully deficient, practically the equivalent of filing no objections at all, and in contravention of the Local Rules of Criminal Procedure and the Federal Rules of Criminal Procedure. See L. R. Crim. P. 59(c)(2) ("Written objections…shall specifically identify the portions of the proposed findings and recommendations to

---

[3] See Dkt. Nos. 282, 361, 369, 576, 637, 648, 678 (by the Court's calculation, a total of 332 pages of motion papers and submissions by Defendant before the Magistrate Judge, discounting corresponding submissions by the Government); see also Dkt. Nos. 465, 517, 518, 519, 544 (evidentiary hearing transcript totaling 804 pages).

which objection is made and the basis for each objection, and shall be supported by legal authority."); Fed. R. Crim. P. 59(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations [of the magistrate judge]…Failure to object in accordance with this rule waives a party's right to review."); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

It appears that in lieu of defense counsel expending his extended timeframe reviewing the record, conducting research, and preparing and filing objections, defense counsel simply filed the recusal motion.  The Court will not wade through the voluminous record and construct Defendant's objections for him.  In addition, the Court will not identify what portions of Pierce's objections "are applicable" to Defendant's case.  That is not the Court's role.  Thus, the Court declines to consider Defendant's objections as filed.  Should Defendant fail to file a new set of objections that correct the shortcomings identified herein, the Court will review any rulings unfavorable to Defendant for clear error.  *See United States v. Parlato*, Case # 15-CR-149-FPG, 2019 WL 988450, 2019 U.S. Dist. LEXIS 33035, *3 (W.D.N.Y. Feb. 28, 2019) ("When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error.").

5

**CONCLUSION**

For the foregoing reasons, it is ORDERED that Defendant's objections (Dkt. No. 696) are rejected as insufficiently filed, and the Court will review any rulings or recommendations in the RR&O (Dkt. No. 632) and SRR&O (Dkt. No. 680) that are unfavorable to Defendant for clear error absent a further filing addressing the deficiencies identified herein, due by no later than August 2, 2024.

**SO ORDERED.**

     *s/Richard J. Arcara*
     HONORABLE RICHARD J. ARCARA
     UNITED STATES DISTRICT COURT

Dated:   July 25, 2024
          Buffalo, New York