UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                     Plaintiff,

        v.                                            **DECISION AND ORDER**
                                                        20-CR-29-A

DAVID BURGIN,

                     Defendant.

---

      Defendant David Burgin is charged in 14 counts of a 22-count Superseding Indictment (Dkt. No. 24), returned April 16, 2020, with numerous drug trafficking crimes, including one count of conspiracy to distribute, and possession with intent to distribute, various controlled substances (Count 1); ten counts of possession of controlled substances, to include cocaine, cocaine base, fentanyl, marijuana, 4-ANPP, and heroin (Counts 7-11, 14-18); two counts of maintaining drug-involved premises (Counts 12, 19); and one count of possession of firearms in furtherance of drug trafficking (Count 13).  The case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.

      Pending before the Court are the Government's objections (Dkt. No. 686) to Magistrate Judge Schroeder's Report, Recommendation and Order ("RR&O") (Dkt. No. 632) and Supplemental Report, Recommendation and Order ("SRR&O") (Dkt.

No. 680). Defendant filed a response in opposition (Dkt. No. 707) to the Government's objections, and the Government filed reply papers (Dkt. No. 708). The Court heard lengthy oral argument on the Government's objections. For the reasons stated herein, the Court adopts the portions of the SRR&O recommending denial of Defendant's suppression motions, on clear error review; remands the case back to Magistrate Judge Schroeder for a report and recommendation on the threshold issue of standing; and reserves decision on the RR&O's and SRR&O's recommendation to suppress evidence obtained from 56 Grimes Street, Buffalo, New York ("56 Grimes Street"), until Magistrate Judge Schroeder issues an R&R on standing.

## **STANDARD OF REVIEW**

A district court reviews specific objections to an R&R on a dispositive issue—such as a motion to suppress—*de novo*, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 267, 269 (W.D.N.Y. 2009); *see also* Fed. R. Crim. P. 59(b)(2); Loc. R. Crim. P. 59(c)(2). Following review of the R&R, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Given the extensive litigation involved in this case, the Court assumes the parties' familiarity with the background and procedural history, as well as the issues under review. The Court provides such details only to the extent necessary to explain its reasoning herein.

**I.      Motion to Suppress Evidence Obtained from 56 Grimes Street**

The RR&O recommends granting Defendant's motion to suppress evidence seized during law enforcement's search of 56 Grimes Street on February 19, 2020, pursuant to two New York State search warrants. This recommendation was made after a five-day evidentiary hearing was held before Magistrate Judge Schroeder on non-consecutive days.[1] With respect to the RR&O and portions of the SRR&O recommending suppression of evidence obtained during this search,[2] the Government contends that Magistrate Judge Schroeder (1) erroneously found law enforcement was not authorized to conduct a protective sweep of the second floor at 56 Grimes Street, (2) erroneously found the second warrant was not supported by probable cause, and (3) erroneously employed the exclusionary rule for an "isolated incident of negligence." The Court will not address those contentions yet, however.

The Government also asserts that Magistrate Judge Schroeder failed to undertake the threshold issue of whether Defendant had standing to contest the search at 56 Grimes Street, or the Government's argument that the inevitable

---

[1] Dkt. Nos. 465 (Hr'g Tr., 8/23/2022), 517 (Hr'g Tr., 12/19/2022), 519 (Hr'g Tr., 12/20/2022), 518 (Hr'g Tr., 12/21/2022), 544 (Hr'g Tr., 1/11/2023).

[2] *See* SRR&O, Discussion and Analysis, Sections B and D.

discovery and/or independent source doctrines apply. These points could arguably serve as independent grounds to deny the suppression of evidence from 56 Grimes Street. The Court will analyze on its own the inevitable discovery/independent source argument later, if deemed necessary.

As to standing, to challenge law enforcement officers' search of the premises at 56 Grimes Street based upon a Fourth Amendment violation, Defendant bears the burden of establishing his standing to bring such a motion. *See United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991). Defendant must show the allegedly illegal conduct infringed upon his personal constitutional rights. *See United States v. Padilla*, 508 U.S. 77, 81 (1993); *Rakas v. Illinois*, 439 U.S. 128, 131 n.1, 134 (1978). "This inquiry involves two distinct [but related] questions: first, whether the individual had a subjective expectation of privacy; and second, whether that expectation of privacy is one that society accepts as reasonable." *United States v. Hamilton*, 538 F.3d 162, 167 (2d Cir. 2008). "[A] defendant seeking to suppress evidence bears the burden of demonstrating disputed issues of fact that would justify an evidentiary hearing…Further, a defendant seeking a hearing must submit an affidavit of someone alleging personal knowledge of the relevant facts." *United States v. Roman*, 20-CR-253-2 (VLB), 2022 U.S. Dist. LEXIS 30416, *13 (D. Conn. Feb. 22, 2022) (internal quotation marks and citations omitted).

In support of his omnibus motion, Defendant submitted an affidavit of standing regarding his expectation of privacy in 56 Grimes Street.[3] After receipt of

---

[3] Dkt. No. 282-2 (Aff. of Standing), ¶¶ 3-12.

Defendant's affidavit and hearing argument on his pretrial motions, Magistrate Judge Schroeder determined that an evidentiary hearing was necessary.  Magistrate Judge Schroeder also granted the defense request for permission to supplement Defendant's affidavit of standing to focus on the attic at 56 Grimes Street, as the Government had argued Defendant's affidavit was defective in that regard.[4]  Defendant submitted the supplemental affidavit of standing the day the evidentiary hearing commenced.[5]

During the suppression hearing, at which Defendant testified, Magistrate Judge Schroeder indicated that the scope of the hearing was to address both whether the Fourth Amendment was violated and whether Defendant had a reasonable expectation of privacy in 56 Grimes Street.  *See* Dkt. No. 544 (Hr'g Tr., 1/11/2023), pp. 87-88 ("I'm…here to determine the validity of the search that was conducted on February 19th, 2020, pursuant to two search warrants issued by Judge Case…We are here as to [the] Fourth Amendment, whether it was violated or not and *whether Mr. Burgin had a reasonable expectation of privacy to the premises that was the subject matter of the two search warrants*.") (emphasis added).

From these parts of the record, then, it appears that the Magistrate Judge construed Defendant's allegations in his affidavit(s) in the light most favorable to him, and determined "the asserted facts, or the inferences to be drawn from them, were contested" (*United States v. Hamilton*, 538 F.3d 162, 168 (2d Cir. 2008)),

---

[4] CM/ECF Minute Entry, 4/28/2022.

[5] Dkt. No. 449 (Suppl. Aff. of Standing).

necessitating a hearing to determine Defendant's privacy interest in the subject premises as well as the alleged Fourth Amendment violations.

The RR&O, however, did not analyze whether Defendant had standing. When the Government raised this issue at oral argument on the parties' supplemental motions, Magistrate Judge Schroeder commented, "I found that Mr. Burgin had standing …That's why we held a[n] evidentiary hearing." *See* Dkt. No. 741-1 (Arg. Tr., 1/25/2024), pp. 6-12. The SRR&O, issued after that Court appearance, also did not mention standing.

Thus, it is not entirely clear to this Court if Magistrate Judge Schroeder made a determination on standing before the suppression hearing, or if he intended the hearing to address standing. Nevertheless, because Defendant did testify at the hearing on the subject of standing, the Court remands this sole issue back to Magistrate Judge Schroeder for an R&R that details his factual findings and conclusions regarding Defendant's expectation of privacy in the contested areas of 56 Grimes Street and predicated on the evidence received at the hearing.

The Government argues that this Court can make its own determination on the question of standing, on the record before it. The Court disagrees, considering the Government's reliance, at least in part, on factors that touch upon Defendant's credibility in testifying at the hearing (such as Defendant's access to the attic and whether an individual named "Ray Lowman" resided at the premises) that this Court was not privy to.

The Court is cognizant of the amount of time these matters have been pending. Given that testimony and evidence pertaining to standing was received at

6

the multi-day suppression hearing, and the parties exhaustively briefed this issue, the Court's understanding is that the R&R may be issued on the hearing record and the previously submitted papers.  In addition, upon issuance of the second supplemental R&R, the Court expects it will address any objections thereto on an expedited schedule.[6]  The Court also anticipates it will issue a Decision and Order on the Government's objections and supplemental objections in short order.

II. **Motions to Suppress Evidence Obtained from 79 Brunswick Boulevard and Various Electronic Devices, and Motion Premised on Non-Compliance with Article 690 of New York Criminal Procedure Law**

Upon clear error review of those portions of the SRR&O that are adverse to Defendant,[7] the Court finds no clear error and adopts Magistrate Judge Schroeder's recommendation to deny Defendant's motions to suppress certain evidence.  In so doing, with respect to Defendant's motions contesting the validity of particular search warrants, the Court has kept in mind that "when reviewing an issuing judge's probable cause determination based on an affidavit in support of a search warrant, courts generally accord[] substantial deference to the finding of an issuing judicial officer that probable cause exists, limiting [the] inquiry to whether the officer had a substantial basis for his determination."  *United States v. Guay*, 464 F. Supp. 3d

---

[6] Indeed, the Court expects any objections to the anticipated R&R, and response thereto, will be concise and simply supplement the parties' present set of filings on the topic of standing.  See Dkt. No. 686, pp. 5-16; Dkt. No. 707, pp. 1-10.

[7] *See* SRR&O, Discussion and Analysis, Sections A, C, E, and F.  While Defendant filed purported objections (Dkt. No. 696) to the R&R and SRR&O, the Court rejected them (Dkt. No. 704 [Decision and Order]) as insufficiently filed, and warned Defendant that it would review any rulings adverse to him on a clear error standard should he fail to refile his objections by a date certain, addressing the deficiencies identified by the Court.  Defendant did not do so, and thus failed to file timely objections.

507, 513 (W.D.N.Y. 2020) (internal quotation marks and citations omitted); *see United States v. Jones*, 43 F. 4th 94, 109 (2d Cir. 2022) (same).

## CONCLUSION

For the foregoing reasons, it is ORDERED that the portions of Magistrate Judge Schroeder's SRR&O (Dkt. No. 680) recommending denial of Defendant's suppression motions are adopted on clear error review; and it is further

ORDERED that Defendant's motion to suppress evidence obtained from three cell phones seized from Defendant and his impounded vehicle on February 19, 2020, motion to suppress evidence obtained from 79 Brunswick Boulevard, Buffalo, New York, on February 20, 2020, motion to suppress evidence obtained from nine electronic devices seized pursuant to search warrant 20-MJ-1137-JJM, and motion to controvert two search warrants premised on alleged non-compliance with Article 690 of New York Criminal Procedure Law, are all denied; and it is further

ORDERED that the Government's objections (Dkt. No. 686) to the R&R (Dkt. No. 632) and SRR&O (Dkt. No. 680) are held in abeyance; and it is further

ORDERED that this case is remanded to Magistrate Judge Schroeder for an R&R on the threshold issue of whether Defendant met his burden to establish he had standing in 56 Grimes Street; and it is further

ORDERED that time between now and the issuance of an R&R by Magistrate Judge Schroeder on the issue of standing is automatically excluded from the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(D).

**SO ORDERED.**

                                              *__s/Richard J. Arcara_____*
                                              HONORABLE RICHARD J. ARCARA
                                              UNITED STATES DISTRICT COURT

Dated:   February 25, 2025
             Buffalo, New York